LANCASTER and Wife v. SOUTHERN INSURANCE COMPANY et al.

(Filed 26 October, 1910.)

1. Insurance—Policy—Interpretation of Contracts.

When a person of mature years and sound mind, who can read and write, accepts a policy of insurance containing stipulations material to the risk and on breach of which the policy may be

avoided, and there is nothing confusing or ambiguous in them and no representations made which are calculated or intended to deceive as to their import, the policy with the stipulations becomes the contract between the parties, to be enforced while it stands, according to its terms.

2. **Same—"Riders."**

The plain provisions of a "rider" attached to a fire insurance policy on a steam cotton gin will be given effect, when it is expressly thereon stated that it is attached to and made a part of the policy, and when the purpose is to better adapt its provisions to the particular kind of property, with reference to the methods and conditions of its operation, with nothing uncertain or restrictive in its terms; and it appearing by express provision in the policy itself, that it was "made and accepted under the foregoing stipulations and conditions, together with such other provisions, agreements and conditions as may be endorsed hereon." The stipulations in the body of the policy not inconsistent with the "rider" will also be given effect.

3. **Insurance—Vendor's Lien—Purchase Price—Personal Property.**

When a note is given for a steam cotton gin retaining title in the vendor until the purchase price is paid, and recorded, Revisal, 983, the character of the property from personal to real is not changed, though it is attached to the realty.

4. **Insurance—Vendor's Lien—"Ownership"—Interpretation of Contracts.**

A vendor's lien given by the vendee's note for the purchase price of a steam cotton gin, retaining the title in the vendor for security, does not avoid the vendee's right of recovery under a policy of fire insurance stipulating, in effect, that the policy would be void if the interest of the assured was other than the sole and unconditional ownership, as the vendee is obligated to pay the note in the event of loss, and the character of his ownership does not fall within the prohibition of the terms used in the policy contract.

5. **Insurance—Vendor's Lien—Ownership — Mortgages—Interpretation of Contracts.**

A recorded vendor's lien given for the purchase price of a steam cotton gin is, in effect, in the nature of a chattel mortgage to secure the purchase price, and avoids a policy of fire insurance thereon when violative of an express stipulation therein that the entire policy shall be void if the subject of the insurance be personal property or become encumbered by a chattel mortgage.

APPEAL from *Guion, J.,* at the April Term, 1910, of EDGE-COMBE.

It was shown that *feme* plaintiff, owner of a farm, "had erected a building and therein established a steam gin, the engine and boiler enclosed in brick and same was being used for farm ginning." That said plaintiff took out a policy of insurance on the gin, engine and boiler in the sum of $1,000, the contract being the ordinary standard form, with a rider attached to the face of the policy, on which was a heading, "For Gin Systems Only," and which contained certain specifications adapting the policy more fittingly, in certain features, to the kind of property insured and the operation of the same, and concluding with the statement "Attached to and forms part of Policy No. 48599," the number of policy sued on. Plaintiff "admitted that notes reserving the title to the gin outfit were given and recorded, and all of purchase price had not been paid at the time the policy was issued, and defendant admitted that the policy was issued and sent plaintiff through the mail in lieu of a policy in a company that had failed, and that no representations were made by plaintiff to get the policy." The property was destroyed by fire, proof of loss properly made and present action instituted to recover on the policy. Recovery was resisted, chiefly by reason of breach of certain stipulations contained in the body of the policy, to the effect "That this entire policy shall be void . . . . if the interest of the insured be other than the unconditional and sole ownership, and, second, if the subject of the insurance be personal property and be or become encumbered by a chattel mortgage." There was the further general stipulation in the body of the policy, that the entire policy should be void "if the interest of the insured in the property be not truly stated therein." Plaintiff contended that the stipulations should not be allowed to defeat a recovery: 1. Because at the time of taking out the policy no inquiry was made as to the title or condition of the property, and that no representations were made by plaintiff concerning the same, and that her rights are unaffected therefore by the stipulations relied upon.

2. That the contract of insurance, by the nature of it, is confined to that portion of it contained in the "rider," and as the stipulations in question do not appear therein, but only in the body of the policy, they are not relevant to the inquiry.

3. That on the facts the property insured had become realty, and in that event there had been no breach shown, etc.

The jury, having ascertained the value of the property destroyed by the fire, the question of defendant's responsibility was referred to the court on the facts, and the court being of opinion that the policy was avoided by reason of the existence of an encumbrance for the unpaid purchase money, in the form of a mortgage or conditional sale, duly recorded, gave judgment for defendant, and plaintiff excepted and appealed.

  *G. M. T. Fountain & Son* for plaintiff.
  *J. R. Gaskill* and *W. O. Howard* for defendant.

HOKE, J., after stating the case. Our decisions are to the effect, and they are in accord with the generally prevailing doctrine, that when a person of mature years and sound mind, who can read and write, accepts a policy of insurance, containing stipulations material to the risk and on breach of which the policy is to be avoided, and there is nothing confusing or ambiguous in them and no representations made which are calculated or intended to deceive as to their import, the policy with the stipulations becomes the contract between the parties, to be enforced, while it stands, according to its terms, and the principle should not be affected because in a given case there has been no previous application or no express representation made. *Floars v. Insurance Co.,* 144 N. C., p. 232; *Hayes v. Insurance Co.,* 132 N. C., p. 702; *Lasher v. Insurance Co.,* 86 N. Y., p. 423; *Brown v. Insurance Co.,* 86 Ala, p. 189; *Crikelaire v. Insurance Co.,* 186 Ill., p. 309. In the present case there is no allegation or suggestion of any ambiguity nor of anything done or said to confuse or mislead the claimant and the policy with its stipulations must be taken as the contract under which the rights of these parties are to be determined.

And plaintiff's second position cannot be maintained. The "rider," while headed "For Gin Systems Only," contains the express provision, "Attached to and forming part of Policy No. 48599, Southern Insurance Company, of New Orleans." And further, at the end of the entire policy, is the stipulation, "This

policy is 'made and accepted under the foregoing stipulations and conditions, together with such other provisions, agreements and conditions as may be endorsed hereto." The rider was inserted in and made a part of the entire policy, in order the better to adapt its provisions to this particular kind of property, and more especially in reference to the method and conditions of its operation, and there being nothing uncertain or restrictive in its terms, there is no reason why the plain and express provision, "attached to and made a part of this policy" should not be given effect. Authority also here favors defendant's position. Speaking to a similar question in *Waters v. Insurance Co.,* 144 N. C., pp. 663-671, the Court said: "It is urged upon our attention that some of the entries, by means of which the application was made to accord with the policy and the paster, were made on the margin of the application 'and written longitudinally, and that such entries, so made, and even the paster itself, are presumptive evidence of a change in the contract after the application had been first signed. But neither the authorities nor the known usage in the making of such contracts are in support of the position to the extent contended for. We know that these policies, as well as the applications, are gotten up on printed forms designed to meet the average and general demand in contracts of this nature, and frequently changes are made to meet special circumstances; that these are ordinarily noted on the margin, and a slip is then pasted on the face of the policy to express the contract as affected by these changes. In the absence, therefore, of some special circumstances tending to cast suspicion on such entries, there should be no presumption of any alteration; but the nature of the entry and its placing are simply circumstances on the general question as to whether there has been a completed contract of insurance." *Pierce v. Insurance Co.,* 138 Mass., 151; *Swinnerton v. Insurance Co.,* 37 N. Y., 174; 1 Cooley's Insurance Briefs, pp. 640-461 (1).

The third position must also be resolved against the plaintiff. That is the property had become realty and in that respect there was no breach of stipulations shown avoiding the policy. True, we have held in this State, that when one is in possession of

153—19

land under a binding contract of purchase, having given his notes for the purchase money, he is to be considered as the "sole and undivided owner" within the meaning of this stipulation in a contract of insurance, a position declared and sustained in a forcible opinion by *Associate Justice Brown* in the recent case of *Jordan v. Insurance Co.,* 151 N. C., p. 341. The same principle is discussed by *Associate Justice Manning* in the learned and valuable opinion of *Modlin v. Insurance Co.,* same volume, 151 N. C., pp. 36-40. This ruling is properly placed on the well-recognized principle that equity will treat that as done which the parties are under a binding agreement to do, and in reference to insurance contracts, on the further principle that the loss in such cases, when the property is destroyed by fire, falls on the purchaser. He still owes the amount due on his notes. *Sutton v. Davis,* 143 N. C., p. 474. And while it is usually held that the principle referred to does not prevail in the case of personal property, where the title is withheld on the payment of the purchase money, this distinction as to personalty should not prevail in this State on the precise facts disclosed in the record. It was originally held, in the case of these conditional sales of personal property, that if the property was destroyed by fire or other adventitious cause, that the loss must fall on the vendor who had retained the title in himself, and this position still obtains in many of the States. Tiffany on Sales, p. 91. In North Carolina, however, it is established in a case like the present, that when a bargainor sells goods, taking notes for the purchase price, retaining the title as security for the purchase money, and delivers possession, that if the goods are destroyed by fire, the obligation to pay the notes is absolute and the loss must fall on the vendee. *Tufts v. Griffin,* 107 N. C., p. 47. From this we think it follows that, by analogy to the position obtaining in case of real estate, that the vendee under the fact existent here, is the unconditional and sole owner of the goods, within the meaning of the contract and there has been no breach of same in this respect. Such a stipulation refers to the "quality of an estate, and that it is not held jointly with others." Vance on Insurance, p. 442.

This conclusion, however, cannot avail the plaintiff by reason

of another stipulation in the body of the contract, "that the same shall be void if the subject of insurance be personal property and be or become encumbered by a chattel mortgage." Under our decisions, where a vendor, as here, has sold goods, taking notes for the purchase money and delivered possession, retaining title as security, and the contract has been properly registered according to the statute, Revisal, 983, the property, the subject-matter of the contract retains its character as personalty, both as between the parties and others claiming adversely to the lien. *Cox v. New Bern Lighting and Power Co.,* 151 N. C., p. 62. The goods, therefore, retained their character as personalty and in that aspect the claim of the vendor, in this instance, was only an encumbrance in the nature of a chattel mortgage to secure the purchase money, and, on the facts, the stipulation as to the non-existence of such an encumbrance has been violated. *Hamilton v. Highlands,* 144 N. C., 279. It is usually held that the stipulation as to sole and unconditional ownership is not violated by the existence of liens and encumbrances. 2 Cooley Insurance Briefs, p. 1378 (I). Vance on Insurance, p. 442. From this very fact, and because there may be certain conditions existent which increase the moral hazard of the risk, companies are allowed to and usually do insert these provisions as to encumbrances; to be enforced when the contract and the facts so require. We are not inadvertent to the case of *Caples v. Insurance Co.,* 60 Minnesota, 376, and cases of like kind, in which it was held that a covenant, giving a landlord a lien for unpaid rent, did not come within the term "chattel mortgage" as it appears in these contracts and in which *Collins, J.,* delivering the opinion, said: "That the parties in using this term did not intend to include every kind of instrument which could be enforced in a court of equity, as a lien or mortgage of personalty," but in this same opinion it was also said that this stipulation should be considered "As simply guarding against the common, ordinary chattel mortgage and instruments of the same *nature, use* and *purpose.*"

Under the facts presented, as heretofore stated, this is, in effect, an encumbrance, in the nature of a chattel mortgage, to secure the purchase money, registered as such under our regis-

tration laws, and we concur with his Honor in holding, for that reason, that the stipulation in the policy, against encumbrances, has been violated and no recovery thereon can be had.  The judgment below is affirmed.

No error.