FRED D. WILLIAMS v. FIREMAN'S FUND INSURANCE COMPANY.

(Filed 1 November, 1922.)

**1. Insurance, Fire — Automobiles — Dealers—Possession—Principal and Agent.**

An open dealer's policy, insuring automobiles the insured has for sale against loss by fire, etc., from the time such automobiles "become the property of the assured, and continues (unless canceled) until said property is delivered to the purchaser, or until the same otherwise passes out of the possession of the assured," does not include within its intent and meaning an automobile that had been stolen and destroyed by fire when in the possession of the thief, but only those when so destroyed while in the possession of the assured, or some of his employees or agents having control thereof in the prosecution of the business of the assured.

**2. Same—Larceny.**

A policy against the dealer's loss of automobiles by fire, while in his possession, etc., does not include within its protective terms a stolen automobile which was destroyed while in the possession of the thief, the essential feature of larceny being a felonious transfer of possession, and contradictory to the intent and meaning of the terms of policy contract.

APPEAL by plaintiff from *Connor, J.,* at the Fall Term, 1922, of CUMBERLAND.

Civil action to recover on an insurance policy on an automobile, covering risk of destruction by fire and lightning. At the close of the testimony, and on motion made in apt time, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Sinclair, Dye & Clark for plaintiff.*
*Tillett & Guthrie for defendant.*

HOKE, J. The facts in evidence tended to show that on 24 April, 1920, plaintiff had an open dealer's policy of insurance on automobiles held by him for sale, covering risks of loss by fire and lightning to an amount not to exceed $5,000, and at said date, covering the machine in question here and its value. That on 9 May, 1920, said machine was stolen from plaintiff's garage in Fayetteville, N. C., and on 23 June, forty-six days thereafter, the charred remains of the automobile were found near Greenville, S. C., possession of same never having been recovered by plaintiff, the true owner.

From a perusal of this policy it applies, and is intended to apply, to machines properly designated and held by the insured for sale in his business at the time, and in section 5 of the policy, provision is made as follows: "This insurance, subject to the conditions and limitations of the policy of which this form is a part, covers such automobiles from the time they become the property of the assured, and continues (unless canceled) until said property is delivered to the purchaser, or until same otherwise passes out of the possession of the assured, this period in no event to exceed twelve months, or to extend beyond the termination of the policy."

It thus appears that by the express stipulation of the contract the policy extends its protection to machines only while in possession of the insured, or some of his employees or agents having control of same in the prosecution of his business, and on the facts presented in this record, the machine could in no sense be considered as coming within the descriptive terms of the policy. An essential feature of the crime of larceny is a felonious transfer of possession, and both the language of the contract and provision, and the nature of the risk forbids that any recovery can be had for this loss.

The cases of *Lummus v. Ins. Co.,* 167 N. C., 654, and *Lancaster v. Ins. Co.,* 153 N. C., 285, and others, are in general approval of his Honor's judgment directing a nonsuit, and same is

Affirmed.