FIREMAN'S FUND INSURANCE COMPANY v. THE ROWLAND LUMBER COMPANY.

(Filed 17 October, 1923.)

**1. Insurance, Fire—Policies—Contract—Principal and Agent—Waiver.**

Where a clause in a fire-insurance policy provides that it is upon condition of unconditional and sole ownership of the property insured, and the agent writing the policy is aware of the fact that it was owned by the insured and certain others whose names do not appear therein, the knowledge of the agent will be imputed to the insurer, and the provision will be deemed as waived by it.

**2. Same—Fires—Negligence—Tort Feasor—Subrogation—Parties.**

Where the property insured has been destroyed by the negligence of a third person, and the insurer has paid the loss, it is subrogated to the rights of the insured and has a right of action against the *tort feasor*, and the defendant may not set up any defense that the insurer may have had under the policy contract, not being a party thereto.

**3. Same—Damages.**

Where the property insured has been destroyed by fire by the negligence of a third party, and the insurer by paying the loss has been subrogated to the rights of the insured, the measure of damages in the insurer's action against the *tort feasor* is the actual market or cash value of the property at the time of the fire, unaffected by any stipulation in the policy to the contrary, the *tort feasor* not being a party thereto.

APPEAL by defendant from *Calvert, J.,* at March Term, 1923, of DUPLIN.

Civil action, tried upon the following issues:

"1. Was the tobacco belonging to J. A. Ricks and tenant, J. S. Wagstaff, burned by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did J. A. Ricks and J. S. Wagstaff, jointly, insure said tobacco, and if so, was it under the six insurance policies offered in evidence? Answer: 'Yes.'

"3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: '$2,181.95 and interest from date that insurance was paid.'"

Judgment on the verdict in favor of plaintiff. Defendant appealed, assigning errors.

*H. D. Williams, D. L. Carlton, and George R. Ward for plaintiff.*
*R. D. Johnson and Stevens, Beasley & Stevens for defendant.*

STACY, J.   J. A. Ricks, J. S. Wagstaff, and P. L. Page owned some tobacco which had been cured and stored in a pack-barn located on

certain leased premises.    On 23 September, 1919, this tobacco was destroyed by fire.    Defendant's liability for the fire is established by the present verdict.    The tobacco in question was insured by plaintiff against loss or damage, to the extent of $3,000.    Following its destruction by fire, plaintiff paid to Ricks, Wagstaff, and Page $2,181.95, the actual loss sustained, and it now brings this suit to recover said amount from the defendant, alleging that, by reason of the provisions contained in the several policies and payments thereunder, plaintiff has become and is now subrogated, to the extent of such payments, to all the rights of recovery existing in favor of J. A. Ricks, J. S. Wagstaff, and P. L. Page, and against the defendant, on account of the wrongful, careless and negligent burning of said tobacco.    For this position plaintiff relies upon the following authorities: *Ins. Co. v. R. R.,* 132 N. C., 75; *Cunningham v. R. R.,* 139 N. C., 434; *Fidelity Co. v. Grocery Co.,* 147 N. C., 513; *Ins. Co. v. R. R.,* 165 N. C., 136, and cases there cited.    See, also, *Powell v. Water Co.,* 171 N. C., 290; *U. S. v. Amer. Tob. Co.,* 166 U. S., 468, 41 L. Ed., 1081.

Defendant seeks to avoid liability to the plaintiff in the present suit, not because of any want of negligence on its part in setting out the fire, but because of a stipulation in each of the policies to the effect that the insurance company shall not be liable for loss or damage occurring "if the interest of the insured (in the property) be other than unconditional and sole ownership."    The policies were taken out in the name of J. A. Ricks, as sole owner, whereas his tenant, J. S. Wagstaff, and P. L. Page each owned an interest in the property, and this fact was known to the plaintiff's agent at the time of the issuance and delivery of said policies. Indeed, when plaintiff made settlement for the loss, the money was divided and paid to the different owners according to their respective interests.    Hence, the stipulation of "unconditional and sole ownership" was waived by the insurance company, making its liability absolute under the policies.    The rule applicable is stated by *Douglas, J.,* in *Horton v. Ins. Co.,* 122 N. C., 503, as follows:

"It is well settled in this State that the knowledge of the local agent of an insurance company is, in law, the knowledge of the principal; that the conditions in a policy working a forfeiture are matters of contract and not of limitation, and may be waived by the insurer, and that such waiver may be presumed from the acts of the agent," citing a number of authorities.    See, also, *Johnson v. Ins. Co.,* 172 N. C., 147; *Robinson v. B. of L. F. and E.,* 170 N. C., 548; *Modlin v. Ins. Co.,* 151 N. C., 43, and *Arnold v. Amer. Ins. Co.,* 25 L. R. A. (N. S.), 6, and note.

From the foregoing it follows that the defense based upon the alleged ground of non-liability on the part of the insurance company, because

the policies in question were not legally enforceable, must be denied. 19 Cyc., 894. "Moreover, if the insurer has paid the loss, the fact that it might have successfully contested the claim under the policy and relieved itself of liability to the insured, does not affect its right of subrogation. The equities between the insurer and the insured are not matters with which the wrong-doer has any concern." Briefs on the Law of Insurance, by Cooley, Vol. IV, p. 3896. See, also, *Pearse v. Quebec S. S. Co.,* 24 Fed., 285.

Defendant further contends that, in assessing the value of the property destroyed, the rule stipulated in each of the policies of insurance is alone applicable in the present suit. This was as follows: "The cash value of the leaf tobacco covered by this policy shall be computed at not more than the average price obtained on sales of leaf tobacco in public sales warehouses nearest to the agency issuing this policy, said sales to embrace a period of one week prior to date of fire, as per authentic official records of such warehouses; said average price to be found by dividing the total quantity sold during the period specified into the total price obtained during said period."

This method of ascertaining the value of the property injured or destroyed is a matter of contract between the insurer and the assured, and with which the wrong-doer, or *tort feasor,* can have no concern, as he is not a party to the contract. *Monticello v. Mollison,* 58 U. S., 152. He is bound to make satisfaction for the injury he has done, and no more, without inquiry as to the relative rights, *inter se,* of the parties claiming the damages. *In re Harris,* 57 Fed., 247. His only interest in this respect is to be protected against a second claim for the same injury or loss. The measure of damages, so far as the present defendant is concerned, is the fair market value or the fair cash value of the property destroyed, at the time and place of its destruction. *Grubb v. Ins. Co.,* 108 N. C., 472; 14 R. C. L., 1304. If this be equal to, or in excess of, the sum paid by plaintiff to the owners of the property, the defendant is in no position to complain. *Powell v. Water Co., supra.*

The remaining exceptions are without special merit, and they warrant no extended discussion. From a careful perusal of the whole record, we have found no error, and this will be certified.

No error.