KIRBY SMITH ET AL. v. NATIONAL BEN FRANKLIN FIRE
INSURANCE COMPANY.

(Filed 30 March, 1927.)

**1. Insurance, Fire—Policies—Contracts—Breach of Condition That Invalidates the Policy—Waiver.**

A breach of the condition of a policy of fire insurance, statutory form (C. S., 6437), that the policy is void if the insured has not the sole and unconditional title is valid and enforceable by the company without the necessity of disclaiming liability upon notice or knowledge of its infraction, and inaction on its part in this respect is not a waiver thereof.

**2. Same—Mortgages—Notice to Company.**

Where a policy of fire insurance upon a dwelling contains the condition making the policy void if the ownership of the property is not sole and unconditional, and the property is mortgaged at the time with the loss payable clause incorporated, notice to the agent of a second mortgage on the dwelling given some time after the second mortgage was given, but before the occurrence of the fire occasioning the loss, will not alone render the insurer liable on the policy contract.

**3. Insurance, Fire—Principal and Agent—Conditions—Waiver.**

The rule that the agent of a fire insurance company may waive conditions affecting the validity of a policy generally apply to such conditions existing at the time of the issuance of the policy.

CIVIL ACTION, before *Cranmer, J.*, at October Term, 1926, of WAYNE.

On 21 September, 1924, the plaintiff secured a policy of fire insurance for $3,000 from the defendant upon his dwelling and household and kitchen furniture. The plaintiff resided about eight miles from Goldsboro. The form of the policy was in accordance with the provisions of C. S., 6437, and expired at noon on 21 September, 1925. On 10 January, 1921, the plaintiff and his wife executed a deed of trust to Julian Price, trustee, for the benefit of the Jefferson Standard Life Insurance Company. On 26 February, 1921, the defendant and his wife executed a mortgage on the premises to H. B. Parker to secure an indebtedness of $306.00. Default was made in the payment of the indebtedness due the Jefferson Standard Life Insurance Company and said company advertised and sold the property of the plaintiff on 19 May, 1925, and the deed for the property was made by Julian Price, trustee, to H. B. Parker under and by virtue of the terms of said deed of trust. On the morning of 20 September, 1925, the dwelling-house and barn and stables of plaintiff were destroyed by fire. The plaintiff testified that more than thirty days prior to 20 September, 1925, he notified Z. T. Brown, agent of the defendant, that the Jefferson Standard Life Insurance Company was offering his property for sale, and that he further notified the agent of the Parker mortgage. This was the first notice the plaintiff had given of the Parker mortgage, and was given after the land had been sold under deed of trust, and the deed therefor delivered to H. B. Parker.

At the conclusion of the evidence the trial judge allowed a motion of nonsuit, and the plaintiff appealed.

*J. Faison Thomson for plaintiff.*
*D. C. Humphrey, Dickinson & Freeman for defendant.*

BROGDEN, J. The policy of insurance in controversy contained, in accordance with statutory requirement, the usual clauses rendering the policy void if the interest of the insured should be other than unconditional and sole ownership or of sale of the property by reason of any mortgage or deed of trust. In order to obviate the legal effect of these clauses the plaintiff relies upon the doctrine of waiver. This contention rests upon the fact that a short time prior to the fire, and long after the policy had been issued, the plaintiff had notified the agent of the defendant of the existence of the Parker mortgage and the advertisement of the property. In *Hardin v. Insurance Co.*, 189 N. C., 423, *Adams, J.*, states the rule of law applicable, as follows: "It has been held in a number of cases that in case of a breach of condition which invalidates the

policy, the company is not bound at its peril, upon notice of such breach, to declare the policy forfeited or to do or say anything to make the forfeiture effectual, and a waiver will not be inferred from mere silence or inaction on its part. It may wait until claim is made under the policy, and then rely on the forfeiture in denial thereof or in defense of a suit brought to enforce payment of it."

The notice given by plaintiff to the agent was not at the time the policy was written and delivered, but long after it had been in force.

The rule applying to such a state of facts is thus stated in *Bullard v. Insurance Co.,* 189 N. C., 34: "The provision restricting the agent's power to waive conditions does not, as a general rule, refer to or include conditions existing at the inception of the contract, but to those arising after the policy is issued. Conditions which form a part of the contract of insurance at its inception may be waived by the agent of the insurer, although they are embraced in the policy when it is delivered; and the local agent's knowledge of such conditions is deemed to be the knowledge of his principal." *Hayes v. Ins. Co.,* 132 N. C., 702; *Weddington v. Ins. Co.,* 141 N. C., 234; *Johnson v. Ins. Co.,* 172 N. C.; 142; *Ins. Co. v. Lumber Co.,* 186 N. C., 269.

Applying the well established rules of law to the facts as disclosed by the record, we conclude that the judgment of nonsuit was correct.

Affirmed.