L. W. GREENE AND WIFE, F. J. GREENE, v. THE ÆTNA INSURANCE COMPANY.

(Filed 5 December, 1928.)

**1. Insurance—Contract—Construction and Operation—Statutes.**

The material provisions of the standard form of a fire insurance policy written in accordance with C. S., 6436, 6437, are those of the law.

**2. Insurance—Estoppel, Waiver, or Agreements Affecting Right to Avoid or Forfeit Policy—Vacancy Permits—Agents.**

The statutory form of a standard fire insurance policy requiring a permit to be issued for the house insured when unoccupied for more than ten days is a provision materially affecting the risk, and must be obtained in accordance with the requirements of the policy to make the insurer liable for damages by fire occurring after ten days vacancy, and after the policy has been issued and is in binding effect, the local agent of the

insurer is without authority to bind his principal by acts and parol representations made contrary to the terms of the written instrument. C. S., 6436, 6437.

**3. Same.**

The acts and conduct of a local agent for the insurer, issuing a statutory standard policy of fire insurance, made contrary to the written provisions of the policy relating to a vacancy permit, which materially affects the character of the risk, will not be imputed to the insurer after the contract of insurance has been delivered and becomes a binding contract, and will not be regarded as a waiver by the company or its stipulation that rendered the policy void.

STACY, C. J., and CLARKSON, J., dissenting.

APPEAL by defendant from *Harwood, Special Judge,* at March Term, 1928, of UNION. Reversed.

Action upon policy of fire insurance. The issuance of the policy, and the destruction by fire of the house insured thereby, prior to the expiration of the policy, according to its terms, are admitted in the pleadings.

Defendant denies liability upon the policy, and in support of such denial alleges that at the date of the fire, which destroyed the house described therein, the said policy was void, and of no effect, for that said house was on said date, and had been for more than ten days prior thereto, vacant and unoccupied. It relies upon a provision of said policy to the effect that "unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring while the described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days." It alleges that no agreement in writing had been added to said policy, by which defendant company agreed to remain liable on said policy, notwithstanding the house had become and should remain for more than ten days vacant and unoccupied.

In reply, plaintiffs allege that said house was occupied by them, as owners, at the date of the issuance of said policy; they admit that said house was vacant and unoccupied, as alleged in the answer, and that no agreement in writing had been added to the policy, with respect to such vacancy. They allege, however, that when they moved out of and vacated said house, they notified the agent of defendant, who had issued said policy, that said house was then and would remain vacant and unoccupied for an indefinite time, and that said agent, acting for and in behalf of defendant, consented and agreed that said policy should remain in full force and effect, notwithstanding such vacancy; they further allege that defendant, by its conduct, waived the provision of said policy, with respect to the vacancy of said house and that because of such waiver, the said policy was in full force and effect on the date of the fire.

Answering the allegations in the reply of the plaintiffs, with respect to the waiver, defendant relies upon a provision of the policy to the effect that "no one has power to waive any provision or condition of this policy, except such as by the terms of the policy is the subject of agreement added hereto, nor shall any such provision or condition be waived unless the waiver is in writing added hereto, nor shall any provision or condition of this policy or any forfeiture be waived by any requirement, act or proceeding on the part of this company relating to appraisal or to any examination herein provided for; nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider added hereto."

By said policy defendant insured the house described therein against loss or damage by fire in the sum of $500. The evidence tended to show that the value of said house, on the day it was destroyed by fire exceeded $700.

The issues submitted to the jury were answered as follows:

1. Was the policy of fire insurance set out in the complaint in force and effect at the date of the fire? Answer: Yes.

2. What amount, if anything, are the plaintiffs entitled to recover of the defendant? Answer: $500.

From judgment on the verdict defendant appealed to the Supreme Court.

*John C. Sikes for plaintiff.*
*Vann & Milliken for defendant.*

CONNOR, J. The policy of insurance, upon which plaintiffs seek to recover in this action, was issued by the local agent of defendant company at Monroe, N. C., on 25 November, 1925. It was on said date a valid contract between the defendant and the plaintiffs. There was no contention to the contrary, on the part of either the defendant or the plaintiffs. The policy is in the form prescribed by statute enacted by the General Assembly of this State, and is known and designated as the Standard Fire Insurance Policy of North Carolina. C. S., 6436, and C. S., 6437. The rights and liabilities of both the insured and the insurer are fixed by the terms of the policy, which is in writing, as required by the statute. The stipulations and conditions of the policy are in the identical language of the statute. As was said of a similar policy in *Black v. Ins., Co.,* 148 N. C., 169, 61 S. E., 672, 21 L. R. A. (N. S.), 578, "they are inserted in the policy, not by the defendant company, or by the plaintiffs, but by the statute. To fail to give them force and effect is to nullify the statute."

22—196

There is no contention in the instant case that any representations were made by the defendant, or by its agent who issued the policy, at the time of its issuance, which were calculated or intended to deceive the plaintiffs, with respect to the terms, stipulations or conditions of the policy. Nor is there any suggestion that these terms, stipulations or conditions are ambiguous, misleading or confusing. In *Lancaster v. Ins. Co.,* 153 N. C., 285, 69 S. E., 214, it was said by this Court: "Our decisions are to the effect, and they are in accord with the generally prevailing doctrine, that where a person of mature years and sound mind, who can read and write, accepts a policy of insurance, containing stipulations material to the risk, and on breach of which the policy is to be avoided, and there is nothing confusing or ambiguous in them, and no representations made which are calculated or intended to deceive as to their import, the policy with the stipulations becomes the contract between the parties, to be enforced while it stands, according to its terms, and the principle should not be affected because in a given case there has been no previous application, or no express representation made." This clear and full statement of the law with respect to insurance policies by *Hoke, J.,* has been subsequently approved by this Court. *Williams v. Ins. Co.,* 184 N. C., 268, 114 S. E., 161. The principle is peculiarly applicable where the policy involved, with its terms, stipulations and conditions, as in this case, is in the form prescribed by statute.

For the purposes of this appeal, it may be conceded that there was evidence tending to show that within less than ten days after plaintiffs moved out of and vacated the house insured by the policy, they notified the local agent of defendant company at Monroe, N. C., that said house was then and would be vacant and unoccupied for an indefinite period, and that said agent advised plaintiffs that such vacancy and unoccupancy would not affect the validity of the policy. There was no evidence from which the jury could find that plaintiffs, at any time after the policy was issued and prior to the date of the fire which destroyed the house, requested the defendant or its agent to issue to them a vacancy permit, in writing, to be added or attached to the policy. No agreement in writing was added or attached to said policy prior to the date of the fire, by which defendant waived the stipulation therein, that said defendant should not be liable for loss or damage occurring while the house described in the policy was vacant or unoccupied, beyond a period of ten days. This is a valid stipulation, and was included in the policy in accordance with the requirements of the statute. In *Bias v. Globe & R. F. Ins. Co.,* 85 W. Va., 134, 101 S. E., 247, 8 A. L. R., 373, it is said: "It is very uniformly held that a condition or stipulation in a policy of fire insurance, providing that the same shall be rendered void if the premises insured shall remain vacant and unoccupied for a specific

length of time, is a reasonable and binding condition, and should such premises be destroyed by fire while vacant and unoccupied, and after the same had so remained, for a longer time than that provided in the policy, the insurer will be discharged from paying the indemnity therein provided." The principle therein stated was applied by this Court in *Alston v. Ins. Co.*, 80 N. C., 327, with respect to a stipulation in a policy of fire insurance, that the policy should be void, if the insured premises should be used so as to increase the risk, or should become vacant and unoccupied, without the assent of the company endorsed thereon. The principle does not depend upon the doctrine of increased risk, where the stipulation with respect to the vacancy of the premises insured is in the language prescribed by statute for the Standard Fire Insurance Policy.

Upon the facts admitted in the pleadings in the instant case, defendant company cannot be held liable under its policy to plaintiffs for loss or damage resulting from the destruction by fire of the house described in said policy, unless defendant by its conduct has waived the stipulation with respect to the vacancy or unoccupancy of said house. It is admitted that said house became vacant and unoccupied after the issuance of the policy, and remained so from 23 January to 16 August, 1926, when it was destroyed by fire, and that no agreement in writing was added to said policy by which defendant agreed to continue liable on said policy, notwithstanding such vacancy or unoccupancy.

Conceding that there was evidence tending to show (1) that plaintiffs, on or about 23 January, 1926, while the policy was in full force and effect, notified the local agent of defendant company, who had issued the policy, that the house was then vacant and unoccupied, and would remain so for an indefinite time; (2) that said agent then advised plaintiffs that such vacancy and unoccupancy did not and would not render the policy void and (3) that defendant did not thereafter, at any time prior to the date of the fire, declare said policy void, or do or say anything to make the forfeiture, resulting from the breach of the express stipulation contained therein, effectual, it must be held in accordance with authoritative decisions of this Court, which are in accord with decisions of courts of other jurisdictions, that there was no evidence from which the jury could find that defendant by its conduct, and because of such facts, waived the breach of the express stipulation in the policy, with respect to the vacancy and unoccupancy of said house.

Conditions with respect to the property insured by a policy of fire insurance, existing at the time the policy was issued, and known by the agent of the company, who issued the policy, cannot be relied upon to defeat the liability of the company under the policy, for notwithstanding the provisions of the policy, the knowledge of the agent is imputed to the company. When the policy is issued, with such knowledge, it

will be held that the company has waived the breach of stipulation and provisions contained therein, which would otherwise render the policy void, at its inception. In such case, the doctrine of waiver is applied by the courts, upon well settled principles of equity. *Aldridge v. Ins. Co.,* 194 N. C., 683, 140 S. E., 706; *Bullard v. Ins. Co.,* 189 N. C., 34, 126 S. E., 179; *Ins. Co. v. Lumber Co.,* 186 N. C., 269, 119 S. E., 362. The provision in the policy restricting the power of the agent to waive express conditions and stipulations contained therein has been held to apply only to breaches which occur after the policy has been issued, and not to conditions existing at the inception of the policy, which but for the principle underlying the doctrine of waiver would render the policy void at the date of its issuance. *Johnson v. Ins. Co.,* 172 N. C., 142, 90 S. E., 124.

After a policy has been issued, and has become a valid and binding contract between the parties, knowledge by the agent, who issued it, of the breach of a stipulation or condition, which by the express terms of the policy, renders it void, will not be imputed to the company. In such case, forfeiture of the policy, for such breach, can be waived only in accordance with the provisions of the policy. *Smith v. Ins. Co.,* 193 N. C., 446, 137 S. E., 310.

In the instant case the policy was delivered to the plaintiffs on or about 23 January, 1926; it remained in their possession at all times until the destruction by fire of the house insured thereby, on 16 August, 1926. During this time the house was continuously vacant and unoccupied, in breach of the express stipulation in that respect of the policy. The principle upon which *Hardin v. Ins. Co.,* 189 N. C., 423, 127 S. E., 353, was decided is applicable. It is said in the opinion in that case, that a person who can do so is generally required to read a written contract before signing or accepting it, and ordinarily his failure to do so is negligence for which the law affords no redress. There was no evidence upon the trial of this case from which the jury could find facts upon which the doctrine of waiver could be applied for the relief of plaintiffs. There was error in the refusal of the court to allow defendant's motion for judgment as of nonsuit. The motion should have been allowed and the action dismissed. The judgment on the verdict is

Reversed.

STACY, C. J., and CLARKSON, J., dissent.