JAMES B. MIDKIFF AND C. L. BRANNOCK v. NORTH CAROLINA HOME INSURANCE COMPANY.

(Filed 24 April, 1929.)

1. **Insurance E b—Conditions in statutory policy of fire insurance are valid and binding.**

    The terms and conditions of the standard form of a fire insurance policy, C. S., 6436, 6437, and the stipulations as to a valid waiver thereof are valid and binding on the parties.

2. **Insurance K a—Knowledge of agent of violation of condition of policy at its inception is imputed to his principal.**

    Where a policy of fire insurance stipulates that it would not be binding until countersigned by its local agent, the policy is made by the local agent on behalf of the company, and knowledge of the agent of existing conditions contrary to the express provisions of the policy at the inception of the contract is imputed to the company.

3. **Insurance K b—Imputed knowledge of insurer of violation of condition of policy at its inception is a waiver thereof.**

    Where the local agent of a fire insurance company, before issuing the policy on a stock of merchandise, knows that included therein are explosives that under the terms of the policy will render it void unless waived in writing attached to its face, and nevertheless the agent issues the policy upon payment of the premium, the knowledge of the local agent is imputed to the company, and the contract being completed the insurer is estopped to deny its liability for a fire loss covered by the policy so issued. It is otherwise if such knowledge is acquired after the policy has been delivered and the contract of insurance completed.

APPEAL by defendant from *Clement, J.,* at August Term, 1928, of SURRY. No error.

This is an action on a policy of fire insurance issued by defendant company to plaintiffs on 6 December, 1926.

The plaintiffs, in consideration of the premium paid by them, were insured by said policy for the term of one year against loss or damage,

The policy is in the form prescribed by statute (C. S., 6437) and is known as the Standard Fire Insurance Policy of North Carolina. It is provided on the face of the policy that it shall not be valid, unless countersigned by the duly authorized agents of the company, at Mount Airy, N. C. The policy is signed by the president and attested by the secretary of the company. It is countersigned by Sydnor & Sparger, agents of the company, at Mount Airy, N. C..

It is stipulated in the policy, as one of the conditions of defendant's liability thereunder, that "unless otherwise provided by agreement in writing added thereto, this company shall not be liable for loss or damage (d) while there is kept, used or allowed on the described premises, . . . explosives." No agreement in writing was added to said policy with respect to the keeping of explosives on the premises where the property insured by the policy was located.

It is further stipulated in the policy that "No one shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement added thereto, nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto."

It is admitted in the pleadings that at the date of the fire which destroyed the property insured by the policy, dynamite and dynamite caps were kept by plaintiffs on the described premises, as a part of the stock of merchandise described in the policy and insured thereby. There was evidence tending to show that said dynamite and dynamite caps were on said premises, as a part of plaintiffs' stock of merchandise, at the date of the issuance of the policy; that defendant's agents, who solicited plaintiffs to take the policy and who countersigned and issued it, knew at the time the policy became effective that said dynamite and dynamite caps were then kept on the described premises by plaintiffs as part of the stock of merchandise which they proposed to insure; and that with this knowledge said agents issued the policy, and collected from the plaintiffs the premium for the same.

Issues were submitted to the jury and answered as follows:

1. Did the defendant, the North Carolina Home Insurance Company, execute and deliver to the plaintiffs the policy of insurance, as alleged in the complaint? Answer: Yes.

2. Did the plaintiffs carry dynamite and dynamite caps in their stock at the time of the fire? Answer: Yes.

3. If so, did the defendant by its knowledge and conduct waive the printed portions of the policy forbidding the keeping of dynamite and dynamite caps in stock? Answer: Yes.

4. What amount, if any, are the plaintiffs entitled to recover of the defendant? Answer: $1,500, with interest from 18 February, 1927."

From judgment on the verdict, defendant appealed to the Supreme Court.

*E. C. Bivens for plaintiffs.*
*Brooks, Parker, Smith & Wharton for defendant.*

CONNOR, J. When a policy of insurance, in the form prescribed by statute (C. S., 6437), and known and designated as the Standard Fire Insurance Policy of North Carolina (C. S., 6436), has been issued by an insurance company and accepted by the insured, and has thereby become effective for all purposes as their contract, the rights and liabilities of both the insurer and the insured, under the policy, must be ascertained and determined in accordance with its terms and provisions. These terms and provisions have been prescribed by statute, and are valid in all respects; they are just both to the insurer and to the insured. Each is presumed to know all the terms, provisions and conditions which are included in the policy. Both are ordinarily bound by them. *Lancaster v. Ins. Co.,* 153 N. C., 285, 69 S. E., 214.

It has, therefore, been held by this Court, that after the policy has been issued by the company and accepted by the insured, and thereby become effective for all purposes as their contract, the provision in the statutory form of the policy that "no one has the power to waive any provision or condition of the policy except such as by the terms of the policy is the subject of agreement added thereto, nor shall any such provision or condition be waived, unless the waiver is in writing added thereto" is valid and will be enforced by the courts of this State. The company will not ordinarily be held to have waived the breach or violation by the insured of a provision or condition of the policy, after the same has become effective as the contract of the parties, where by its terms such breach or violation releases the company from liability under the policy, unless there is a waiver in writing added or attached to the policy. The knowledge of an agent of the company, after the policy has become effective, of the breach or violation by the insured of a provision or condition of the policy will not be imputed to the company, as the basis of a waiver. This principle was applied in *Greene v. Ins.*

*Co.,* 196 N. C., 335, 145 S. E., 616, and in accordance therewith the judgment rendered in the Superior Court on the verdict was reversed. In the opinion in that case it is said: "After a policy has been issued, and has become a valid and binding contract between the parties, knowledge by the agent who issued it, of the breach of a stipulation or condition, which by the express terms of the policy, renders it void, will not be imputed to the company. In such case, forfeiture of the policy, for such breach, can be waived only in accordance with the provisions of the policy. *Smith v. Ins. Co.,* 193 N. C., 446, 137 S. E., 310."

However, it has also been held by this Court that the provision in the statutory fire insurance policy, restricting the power of an agent of an insurance company to waive provisions or conditions, the breach or violation of which renders the policy void or releases the company from liability under the policy, and requiring a waiver in cases where a waiver is permitted by the terms of the policy, to be in writing and added to the policy, does not as a general rule refer to or include conditions existing at the inception of the contract; the provision is applicable only to conditions which arise after the policy has become effective as the contract of the parties. Thus it is said in *Greene v. Ins. Co., supra:* "Conditions with respect to the property insured by a policy of fire insurance existing at the time the policy was issued, and known by the agent of the company, who issued the policy, cannot be relied upon to defeat the liability of the company under the policy, for notwithstanding the provisions of the policy, the knowledge of the agent is imputed to the company. When the policy is issued with such knowledge, it will be held that the company has waived the breach of the stipulation and provisions contained therein, which would otherwise render the policy void, at its inception. In such cases, the doctrine of waiver is applied by the courts upon well settled principles of equity." In *Aldridge v. Ins. Co.,* 194 N. C., 683, 140 S. E., 706, it is said: "It is true that under certain conditions the terms set out in a policy of insurance can be waived only in the manner prescribed by the contract (*Black v. Ins. Co.,* 148 N. C., 169, 61 S. E., 672, 21 L. R. A. (N. S.), 578); but the provisions which usually restrict the agent's power of waiver do not as a rule apply to an agent who has knowledge of conditions existing at the inception of the contract. These conditions may be waived by the agent although embraced in the policy when it is delivered, for in these circumstances the agent's knowledge is the knowledge of the principal. *Smith v. Ins. Co.,* 193 N. C., 446, 137 S. E., 310; *Bullard v. Ins. Co.,* 189 N. C., 34, 126 S. E., 179; *Ins. Co. v. Lumber Co.,* 186 N. C., 269, 119 S. E., 362; *Johnson v. Ins. Co.,* 172 N. C., 142, 90 S. E., 124. Applying this principle to the evidence, neither in the

admission of the testimony nor in the instructions to which the exceptions relate have we discovered any sufficient or satisfactory cause for awarding a new trial."

It should be noted that the policy in the instant case, although signed by the president and attested by the secretary of the company, when delivered to the local agent, by its express terms does not become valid, until countersigned by the local agent. The contract with the insured is, therefore, made on behalf of the company by the local agent. As a matter of public policy, and of justice to the insured, it has been uniformly held in this State that knowledge of the local agent with respect to conditions affecting the subject-matter of the policy, existing at the date of its issuance, is imputed to the company. There is no principle of law upon which a court is required to hold that an insurance company, after it has received a premium from the insured for a valid policy, may declare the policy void, and escape liability under its terms, after a loss has occurred, on the ground that the policy was void at the time it was issued because of conditions then existing of which it had full and ample knowledge. In such case, the company is and should be estopped from making a contention to this effect; it is and should be held that the company has, by issuing the policy, with such knowledge, relinquished the right, which it would otherwise have under the terms of the policy, to declare the policy void, and thereby be relieved of liability.

In the instant case, there was evidence tending to show that the local agents of the defendant company, at the time they countersigned and issued to the plaintiffs the policy of insurance, insuring their stock of merchandise, knew that plaintiffs had and kept dynamite and dynamite caps on the described premises, as part of said stock of merchandise, and that with this knowledge they issued the policy. There was no evidence tending to show that the dynamite and dynamite caps on said premises, kept by plaintiffs as part of said stock of merchandise, at the date of the fire, had been added to said stock of merchandise since the issuance of the policy. The knowledge of the local agents, in this instance, was the knowledge of the defendant. It must be held, therefore, that defendant having issued the policy, with knowledge of the presence of the dynamite and dynamite caps on the premises described in the policy, waived this condition, and is estopped to rely upon the presence of the dynamite and dynamite caps, on said premises, at the date of the fire, as releasing the defendant from liability under the policy.

There was no error on the trial of this action in the Superior Court. The testimony of witnesses tending to show that defendant's local agents issued the policy with knowledge that plaintiffs kept dynamite and

dynamite caps on their premises, as part of their stock of merchandise at the time. the policy was issued, was, upon the facts of this case, competent as evidence. Parol evidence tending to sustain an affirmative answer to the third issue was properly submitted to the jury, under instructions which are in accord with authoritative decisions of this Court. The judgment is affirmed. There is

No error.