LEONARD JOHNSON v. ÆTNA INSURANCE COMPANY OF
HARTFORD, CONNECTICUT.

(Filed 30 September, 1931.)

**1. Insurance J a—Provisions for forfeiture in standard statutory policy
of fire insurance are valid and binding.**

Where a standard, statutory fire insurance policy provides that the
policy should be void if the insured procures other contemporaneous in-
surance on the same property during the term covered, unless the insurer
agrees thereto and a writing to that effect is attached to the policy con-
tract, the provision is valid and binding, C. S., 6437.

**2. Same—Construction of policy as to forfeitures.**

A policy of fire insurance is to be interpreted to effectuate the lawful
intent of the parties as to forfeitures and waiver as other contracts.

**3. Insurance J e—In this case held: policies were forfeited by violation
of provision that other insurance not be taken out on property.**

Where two policies of fire insurance are issued on certain property, the
policies providing that they should be void if the insured procured other
contemporaneous insurance thereon, and thereafter a loss payable clause
permitting other insurance is attached to one of the policies, but later,
upon payment of the mortgage and the execution of another, a substitute
loss payable clause in favor of the second mortgagee is attached thereto
revoking the first loss payable clause and containing no provision as
to other contemporaneous insurance, *Held:* the provision in the first loss
payable clause permitting other insurance is revoked by the second loss
payable clause, and upon the insured's procuring other insurance during
the term of the first policies they are forfeited and he may not recover
thereon for damage by fire occurring during the term of the policies.

**4. Insurance K a—After policy is in effect knowledge of local agent of
violation of condition will not ordinarily be imputed to company.**

Where an insurance company has issued and delivered through its local
agent a policy of fire insurance and the policy has become a contract
binding the parties, subsequent knowledge or agreement by the local agent
of a breach of condition that would avoid the policy cannot be construed
as a waiver of such condition by the company.

APPEAL by plaintiff from *Sinclair, J.,* at February Term, 1931, of
JOHNSTON. Affirmed.

This is an action to recover on two policies of fire insurance issued
by the defendant to the plaintiff, one dated 31 May, 1926, and the other
dated 20 August, 1926. Each policy expired, according to its terms, at
the end of three years from its date.

On 19 January, 1929, before the expiration of either of said policies,
the property covered by both policies was destroyed or damaged by
fire, causing the plaintiff loss or damage in a sum more than the
amount of said policies.

Defendant denied liability for the loss or damage sustained by plaintiff, because of violations by plaintiff after the issuance of said policies of certain stipulations and provisions contained therein. Both policies were in the standard form prescribed by statute. C. S., 6437.

At the close of the evidence for the plaintiff, defendant moved for judgment as of nonsuit, C. S., 567. The motion was allowed and plaintiff excepted.

From judgment dismissing the action, plaintiff appealed to the Supreme Court.

*Parker & Lee for plaintiff.*
*Smith & Joyner for defendant.*

CONNOR, J. Both policies of insurance sued on in this action, contain the following stipulations and provisions as required by statute, C. S., 6437:

"Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring;

Other insurance—(a) while the insured has any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or

Increase of hazard—(b) while the hazard is increased by any means within the control or knowledge of the insured; or

Unoccupancy—(f) while the described building whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days."

Both policies also contain the following stipulation and agreement, which is also required by the statute, C. S., 6437:

"Waiver. No one shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement added thereto, nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto, nor shall any provision or condition of this policy, or any forfeiture be held to be waived by any requirement, act or proceeding on the part of this company relative to appraisal or to any examination herein provided for; nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein, or by rider added hereto."

There were other stipulations and provisions in both said policies, as required by the statute. Only those above set out, however, are pertinent to the question presented by this appeal. These stipulations and provisions are included in the policies by virtue of statutory requirements, and are valid in all respects. *Midkiff v. Ins. Co.*, 197 N. C.,

139, 147 S. E., 812; *Greene v. Ins. Co.*, 196 N. C., 335, 145 S. E., 616; *Bank v. Ins. Co.*, 187 N. C., 97, 121 S. E., 37; *Black v. Ins. Co.*, 148 N. C., 169, 61 S. E., 672. In the last cited case, referring to the stipulations and provisions included in a policy of fire insurance, as required by C. S., 6437, it is said: "They are inserted in the policy, not by the company or by the plaintiff, but by the statute. To fail to give them force and effect is to nullify the statute." These stipulations and provisions are included in the policies, and unless waived as provided therein, must and will be enforced. In *Sugg v. Ins. Co.*, 98 N. C., 143, 3 S. E., 732, it is said: "The contract of insurance embodied and set forth in the policy sued upon must receive a reasonable and just interpretation, and the intention of the parties to it, thus ascertained, must prevail. Contracts of this character, although in some respects peculiar, are governed by the same principles that govern other contracts, and are not different from others as to the rules of interpretation applicable, in varying respects of them. The purpose of courts in construing them is to ascertain what the parties mean and intend—what they have respectively agreed to do or not to do—how they have agreed to be affected—to be bound or not to be bound. It is not the province of the court to amend, modify or make a contract for the parties; or to reform their contract so as to render it reasonable, expedient and just, or, in the absence of fraud, accident or mutual mistake, to relieve them from misadventure, inadvertence, hard bargains, disadvantages, loss and damage, occasioned by lack of foresight, forgetfulness, misfortune, and negligence. Contracts are serious things, and parties capable of contracting must be held by the courts, when properly called upon, to a due observance of their contracts, and those of insurance as well as others, however unfortunate, disadvantageous, or disastrous the results following from them may be to one side or the other. All lawful contracts must be binding upon those who make them, and as they make them."

The evidence offered by plaintiff shows that after the issuance and before the expiration of the policies sued on in this action, plaintiff procured and paid for another policy of fire insurance issued by another company, and covering the same property as that covered by these policies. The additional policy was in force, according to its terms, at the date of the fire which destroyed or damaged plaintiff's property. This policy insured said property in the sum of $900.00. The policies issued by defendant insured said property in the sum of $1,200. Plaintiff has collected from the company which issued the last policy the sum of $280, on account of the loss or damage resulting to him from the fire.

There was no agreement in writing endorsed on the policy issued by the defendant on 20 August, 1926, or in any rider attached thereto,

waiving the stipulation or provision in said policy that the defendant should not be liable on account of said policy, if plaintiff, after its issuance and before its expiration, should have any other contract of insurance, whether valid or not, on the property covered in whole or in part by said policy.

At the date of the issuance by defendant of the policy dated 31 May, 1926, there was attached thereto, as a rider, a Loss Payable Clause, by which it was agreed by and between plaintiff and defendant, that the loss or damage, if any, payable under said policy should be paid to the Atlantic Life Insurance Company of Virginia, as its interest might appear. At the end of this rider, are the words: "Other insurance permitted." This rider, containing these words, was attached to the policy prior to and at the date of the issuance by defendant of the policy dated 20 August, 1926. The issuance of this policy, therefore, did not relieve defendant of liability under the policy dated 31 May, 1926.

Some time during April, 1927, plaintiff paid his indebtedness to the Atlantic Life Insurance Company of Virginia, and executed a mortgage to the Federal Land Bank of Columbia, S. C., by which he conveyed to said bank the land on which was located the property covered by the policies of fire insurance sued on in this action. This mortgage secured the payment of a loan made to plaintiff by said bank. At the request of plaintiff, defendant attached to each of said policies of insurance, as a rider, a "Mortgage Clause with Full Contribution (N. Y. Standard)," by which it was provided that the loss or damage, if any, payable under said policies, should be paid to the Federal Land Bank of Columbia, S. C., as mortgagee, as its interest might appear. This rider attached to each of said policies, contains the following endorsement: "This mortgagee clause is issued in lieu of the one previously attached, the former mortgage having been paid." No words showing permission by the defendant for other insurance on the property covered by the policy to which the rider was attached, appear in said rider.

The Loss Payable Clause, attached to the policy issued by the defendant dated 31 May, 1926, on which appear the words "Other insurance permitted," was superseded by the mortgagee clause subsequently attached to said policy. Permission for other insurance on the property covered by the policy was thereby revoked prior to the issuance of the policy in April, 1927.

After the mortgagee clause had been attached to each of the policies by the defendant at his request, the plaintiff sent both said policies to the Federal Land Bank of Columbia, S. C. The bank declined to accept said policies, and returned them to the plaintiff. Thereafter, plaintiff informed the local agent of the defendant that the bank had declined

to accept the policies, and that at the request of the bank plaintiff had procured another policy of fire insurance on the property. Defendant's local agent said to plaintiff that that was all right.

In *Greene v. Insurance Co.*, 196 N. C., 335, 145 S. E., 616, it is said: "After a policy has been issued, and has become a valid and binding contract between the parties, knowledge by the agent who issued it, of the breach of a stipulation or condition which by the express terms of the policy renders it void, will not be imputed to the company. In such case, forfeiture of the policy, for such breach, can be waived only in accordance with the provisions of the policy, *Smith v. Ins. Co.*, 193 N. C., 446, 137 S. E., 310."

As there was no agreement in writing added to or endorsed on either of the policies sued on in this action, for other insurance on the property covered by the policies, at the time the additional policy of insurance was procured by plaintiff, defendant is not liable to plaintiff, under said policies, for the loss or damage which he sustained as the result of the fire which occurred on 19 January, 1929. The judgment dismissing the action as of nonsuit, is

Affirmed.