CLYDE F. FLEMMING v. THE HOMESTEAD FIRE INSURANCE COMPANY OF BALTIMORE, MARYLAND.

(Filed 23 December, 1931.)

APPEAL by plaintiff from a judgment of *Stack, J.,* reversing a judgment of the general county court. From BUNCOMBE. Affirmed.

*Edward H. McMahan* for plaintiff.
*R. R. Williams* for defendant.

PER CURIAM. This is an action to recover an amount alleged to be due the plaintiff on a policy of insurance issued by the defendant on 3 August, 1929, indemnifying the assured against loss of an automobile by theft, robbery, pilferage, or fire. The Peoples Fire Insurance Company was permitted to intervene but it did not appeal from the judgment of the Superior Court.

In the general county court the defendant made the usual motions for nonsuit, which were denied. Issues were submitted to the jury and upon the verdict judgment against the defendant was given, as appears of record. The Superior Court adjudged that the action should have been dismissed as in case of nonsuit and remanded the cause for further proceedings. No rider was attached to the policy. The plaintiff excepted and appealed.

The policy contains the following provisions:

1. "This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein or endorsed hereon, and upon acceptance of this policy, the assured agrees that its terms embody all agreements then existing between himself and this company or any of its agents relating to the insurance described herein, and no officer, agent or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached. This policy shall be void in event of violation by the assured of any agreement condition or warranty contained herein, or in any rider now or hereafter attached thereto."

2. "No recovery shall be had under this policy if at the time a loss occurs there be any other insurance, whether such insurance be valid and or collectible or not, covering such loss, which would attach if this insurance had not been affected."

3. "Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage or other encumbrance specifically set forth and described in paragraph D of this policy, this company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage, or other encumbrance."

4. "No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements."

An examination of the record leads us to the conclusion that the plaintiff is precluded from recovering by the terms of the policy both as to additional insurance and as to an encumbrance on the property unless there was a waiver by the defendant, and that there is not sufficient evidence of such waiver to support the answer to the fourth issue submitted to the county court:

Did the defendant, Homestead Fire Insurance Company, waive the breach, if any, by the plaintiff of conditions in the policy?

We are therefore of opinion that there was no error in the judgment of the Superior Court and that it should be affirmed. *Johnson v. Insurance Co., ante,* 362; *Greene v. Insurance Co.,* 196 N. C., 335; *Welch v. Insurance Co., ibid.,* 547; *Smith v. Insurance Co.,* 193 N. C., 446; *Roper v. Insurance Co.,* 161 N. C., 151; *Watson v. Insurance Co.,* 159 N. C., 639. Judgment

Affirmed.