Civil action to recover on an "Economic Adjustment Policy" of insurance. *Page 801 
It was admitted on the hearing that plaintiff is entitled to recover on the policy in suit unless the answer to question 9 in the application vitiates the contract:
"9. State every physician or practitioner whom you have consulted or who has treated you during the past five years. (If none, so state.) Name and address of each: Dr. H. H. Briggs, Asheville, N.C. Dates and details: November, 1927. Polypi removed from nose. Result: Good.
It is alleged that in addition to consulting Dr. Briggs, the applicant had also received treatment from Dr. O. N. Donnahoe, an osteopath, which she failed to mention, thus rendering the policy void for fraudulent suppression of a material circumstances affecting the risk. Insurance Co.,v. Skurkay, ante, 227.
Upon this phase of the case, the court of first instance found the following facts:
"And the court further finds as a fact that the plaintiff, Katherine S. Barnes, in executing part two of the application for the policy above referred to, on 7 June, 1931, did not make untruthful answers to any material questions contained in said application; that she did not consult any other physician or practitioner during the past five years preceding said date other than the one given by her in her answer to the question propounded; that the said Katherine S. Barnes, in going to the osteopath, went only for the reason, that she was tired from work connected with her duties, and for the purpose of obtaining relaxation, and not for the purpose of receiving treatment from a practitioner within the purview of question 9; that she advised both J. J. Conyers, agent and representative of the company, and Dr. C. C. Orr, defendant's examining physician, of the treatments which she had been receiving, and of her visits to Dr. O. N. Donnahoe, prior to 7 June, 1931, and that the defendant company, through said agent and physician, had full knowledge of the treatments she, the said Katherine S. Barnes, had received and of the visits she had made to Dr. O. N. Donnahoe, and issued the policy in controversy with said knowledge, and it is, therefore, estopped from relying on said treatments or visits to Dr. O. N. Donnahoe or anyone else, as a violation of the terms of the policy."
On appeal from the General County Court to the Superior Court of Buncombe County, the judgment of the county court was affirmed.
Defendant appeals, assigning errors.
Upon the findings made by the trial court, supported, as they are, by competent evidence, the judgment is correct under the law as it obtains in this jurisdiction. Aldridge v. Ins. Co., 194 N.C. 683, 140 S.E. 706;Smith v. Ins. Co., 193 N.C. 446, 137 S.E. 310; Bullard v. Ins. Co.,189 N.C. 34, 126 S.E. 179; Ins. Co. v. Lbr. Co., 186 N.C. 269,119 S.E. 362; Johnson v. Ins. Co., 172 N.C. 142, 90 S.E. 124. CompareCase v. Ewbanks, 194 N.C. 775, 140 S.E. 709. It would serve no useful purpose to "thrash over old straw."
Affirmed.