I. A. SUGG and wife MITTIE E. SUGG v. THE HARTFORD FIRE INSURANCE COMPANY.

*Insurance—Forfeiture—Contract.*

1. A policy of insurance, containing a stipulation that, if there shall be any other insurance on the property, "whether valid or otherwise," at the time of its issuance, or at any other time during its continuance, without the consent of the insurer, will be forfeited if the insured, in forgetfulness of the fact that such a policy has been issued, and in good faith procures other risks on the same property, without the consent of the insurer.

2. The fact that the other policies may be void will not prevent the forfeiture.

CIVIL ACTION, tried before *Merrimon, Judge,* at June Term, 1887, of PITT Superior Court.

The plaintiffs sue to recover the money alleged to be due to the *feme* plaintiff upon the policy of insurance of the de-

fendant, made to her as specified in the complaint, which contains among other provisions, conditions and stipulations, a clause in these words:

" Or if there shall be any other insurance, whether valid or otherwise, on the property insured, or any part thereof at the time this policy is issued, or at any time during its continuance, without the consent of this company written hereon, or if the risk be increased by any means within the control of the assured, this policy shall be void," etc.

By consent of the parties, the Court found the facts, the material part of which findings necessary to be set forth here, is as follows:

" It is admitted by plaintiffs, that subsequent to the issuing of the policy sued on, to-wit.: on May 17th, 1886, plaintiff Mittie E. Sugg took out policies of insurance in the Pamlico Banking and Insurance Company in the sum of $1,500, and in the Georgia Home Insurance Company in the sum of $1,500, and of these two latter policies $1,000 each was placed on the two-story brick house described in complaint, and $500 each covering the piano, the household furniture, silver, glass, ·crockery and wearing apparel. Defendant's policy covers $1,200 on said building, $650 on said household and kitchen furniture above mentioned, and $150 on the piano above mentioned, and contains three-fourths value clause. Plaintiffs further admit that defendant company, or its agents, had no notice of and did not consent to the said subsequent insurance above specified on the same property. The defendant admits that said subsequent insurance was taken out in forgetfulness of the existence of the policy sued upon, and with no intent to defraud defendant company."

Upon the facts found, the Court was of the opinion that the plaintiffs could not recover and gave judgment for the defendant. The plaintiffs appealed.

*Mr. Wm. B. Rodman, Jr.*, for the plaintiffs.

*Messrs. Geo. H. Brown, Jr.*, and *Jno. H. Small* (by brief), for the defendant.

MERRIMON, J., (after stating the case). The contract of insurance embodied and set forth in the policy sued upon, must receive a reasonable and just interpretation, and the intention of the parties to it, thus ascertained, must prevail. Contracts of this character, although in some respects peculiar, are governed by the same principles that govern other contracts, and are not different from others as to the rules of interpretation applicable, in varying aspects of them. The purpose of Courts in construing them, is to ascertain what the parties mean and intend—what they have respectively agreed to do or not to do—how they have agreed to be affected—to be bound or not to be bound. It is not the province of the Court to amend, modify or make a contract for the parties; or to reform their contract so as to render it reasonable, expedient and just, or, in the absence of fraud, accident, or mutual mistake, to relieve them from misadventure, inadvertence, hard bargains, disadvantage, loss and damage, occasioned by lack of foresight, forgetfulness, misfortune and negligence. Contracts are serious things, and parties capable of contracting must be held by the Courts when properly called upon, to a due observance of their contracts, and those of insurance as well as others, however unfortunate, disadvantageous, or disastrous the results following from them may be to one side or the other. All lawful contracts must be binding upon those who make them, and as they make them.

Now the *feme* plaintiff expressly agreed with the defendant, that the policy sued upon should be void, if there should "be any other insurance, *whether valid or otherwise*, on the property insured, or any part thereof, at the time this policy

10

is issued, or at any time during its continuance, without the consent of this company (the defendant) endorsed thereon."

It is admitted by the plaintiffs that subsequently to the execution of the policy, and "during its continuance, without the consent" of the defendant, written or otherwise, "other insurance" was taken and had by the *feme* plaintiff upon the property so insured, for very considerable sums of money, of which the defendant and its agents had no notice—it had no notice of, nor did it in any way consent to the same.   There was therefore no waiver of its rights as to the forfeiture thus wrought, if it might under other circumstances have done so.   The mere fact that the plaintiffs forgot "the existence of the policy sued upon, and with no intent to defraud the defendant" at the time the subsequent insurance was taken, cannot help them.   The defendant was in no way or sense to blame for such forgetfulness, and cannot be prejudiced by it.

It appears that the two policies of "other insurance," each contained this provision : " Or if there shall be any other insurance, whether valid or otherwise, on the property insured, or any part thereof, at the time this policy is issued, or at any time during its continuance, without the consent of this company endorsed hereon, this policy shall be void."

It is contended for the plaintiffs, that inasmuch as there was other existing insurance of the property thus insured, at the time these policies were executed, they were ineffectual and void—never took effect—and therefore, the policy sued upon was unaffected by them, and remained valid.

This argument is without substantial force.   The clause of the policy sued upon recited above, expressly embraced "any other insurance, whether *valid or otherwise*," and provided that the same should render the policy void.

The very purpose was to exclude and guard against, not only subsequent valid insurance, but all other, supposed or intended to be valid.   Else why were the words, "or other-

Sugg *v.* Insurance Co.

wise " used ? Are these significant and apt words to be treated as meaningless? Did the parties intend that they should serve no purpose? Surely these questions cannot be answered in the affirmative. The terms employed are explicit, comprehensive and exclusive, and they imply distinct, obvious purpose. The manifest purpose of the provision in question was to prevent possible motive—the creation of it—of the insured to obtain larger insurance of the property, and then burn it, with a view to get the money agreed to be paid by each and all the insurers, in case of loss. If the insured *believed* the subsequent insurance valid, as he might do, whether it were so or not, such belief would raise the motive intended to be guarded against as certainly as if it had been valid. To guard against such possibilities is not unlawful nor unreasonable; when parties choose to incorporate into their contracts provisions against them, it is the plain duty of the Courts to give them effect.

That the plaintiffs acted in good faith in respect to the subsequent insurance, and the defendant suffered no injury, cannot prevent the latter from having the full benefit of the forfeiture occasioned by the violation of the clause in question of the policy, because the parties so agreed, and it may be but for this agreement, the defendant would not have made the contract of insurance at all. It may be that as matter of grace, and liberal, fair dealing, the defendant ought to share in the loss sustained by the *feme* plaintiff; but with that we have nothing to do. Judgment affirmed.

No error. Affirmed.