NEW HAMPSHIRE FIRE INSURANCE COMPANY v. THE FARMERS MUTUAL FIRE INSURANCE ASSOCIATION OF NORTH CAROLINA.

(Filed 28 February, 1934.)

1. **Insurance E b: J e—Provision against other insurance is valid but will be construed with loss payable clause.**

    A clause in a policy of fire insurance providing that insurer should not be liable if other insurance is taken out on the property without notice is valid, but will be construed in connection with a New York Standard Mortgagee Clause attached to the policy.

2. **Insurance N c—**

    A New York Standard Mortgagee Clause attached to a policy of fire insurance constitutes a separate contract between the insurer and the trustee, mortgagee or beneficiary.

3. **Insurance J e—Insurer held relieved of liability to insured and mortgagee by violation of provision against additional insurance.**

    The beneficiary named in a New York Standard Mortgagee Clause attached to a policy of fire insurance returned the policy to the insured on the ground the insurer was not acceptable to the beneficiary, and the insured in compliance with the request of the beneficiary obtained insurance in another company with similar loss payable clause, but gave no notice to the first insurer of the second policy. The first policy contained a provision that it should be void if other insurance was taken out on the property without notice to insured. *Held,* neither the beneficiary repudiating the first policy nor the insured taking out other insurance in violation of its provisions can assert any right against the first insurer for loss by fire, nor may their assignee, the insurer in the second policy, acquire any right by subrogation.

CIVIL ACTION, before *Moore, Special Judge,* at June Term, 1933, of ORANGE.

It was agreed that the judge should find the facts and render judgment thereon. Such facts as are pertinent to the question involved, may be stated as follows: J. A. Simmons, a resident of Orange County, owned the land and the building thereon near Chapel Hill. In 1926, the defendant issued a policy of fire insurance No. 94930 insuring the dwelling-house against loss or damage by fire in the sum of $1,000. Simmons secured a loan from the North Carolina Joint Stock Land Bank of Durham and had a New York standard insurance clause attached to said policy, payable to the First National Bank of Durham, trustee for the North Carolina Joint Stock Land Bank of Durham. This policy was delivered to the North Carolina Joint Stock Land Bank and held by it until the fall of 1930 "when same was returned to J. A. Simmons with notice that the insurance in the defendant company was not satisfactory and requiring him to take out a policy

in the sum of $1,000 on said dwelling-house in a standard company satisfactory to the North Carolina Joint Stock Land Bank." After receiving notice and the policy on or about 5 November, 1930, Simmons took out a policy of fire insurance in the plaintiff New Hampshire Fire Insurance Company and had attached thereto a New York Standard insurance clause with loss payable to the First National Bank of Durham, trustee for North Carolina Joint Stock Land Bank.

Neither Simmons, the owner of the property, nor the bank, trustee, nor the Joint Stock Land Bank, beneficiary, gave any notice to the defendant that Simmons was acquiring additional insurance or that its policy was unsatisfactory, nor did the defendant acquire notice in any way of such additional insurance. Both policies were of standard form and the policy of the defendant contained a clause excluding liability for loss occurring "while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," etc. On 26 February, 1931, the dwelling of the insured, J. A. Simmons, was totally destroyed by fire, and the amount recoverable was $1,125. The indebtedness to the land bank, beneficiary, was in excess of the insurance.

The plaintiff, New Hampshire Fire Insurance Company, paid to the beneficiary Land Bank the sum of $1,000 in October, 1931, but before making the payment demanded that the defendant pay one-half of the insurance to wit, the sum of $500.00. When the payment was made the plaintiff took an assignment from the Land Bank and the trustee of "their right of subrogation *pro tanto* to the New Hampshire Fire Insurance Company against the said J. A. Simmons and against the said Farmers Mutual Fire Insurance Association . . . to enforce in proper action or suit the same subrogation," etc.

The defendant declined to pay and thereupon the present suit was instituted. The policy of plaintiff contained a clause as follows: "This company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not and whether collectible or not."

From the foregoing facts the trial judge was of the opinion that the plaintiff was not entitled to recover against the defendant, and the plaintiff appealed.

*Manning & Manning for plaintiff.*
*Graham & Sawyer for defendant.*

BROGDEN, J. The clause in the policy of the defendant excluding liability in the event of other insurance is valid. *Johnson v. Ins. Co.,*

201 N. C., 362; *Flemming v. Ins. Co.,* 201 N. C., 846. However, the effect of such a clause in a standard fire insurance policy must be considered in connection with the New York standard mortgagee clause, which was attached to both policies. The New York standard mortgagee clause is a separate and independent contract between the company and the trustee, mortgagee or beneficiary in a deed of trust upon the property at the time the insurance is procured. *Bank v. Assurance Co.,* 188 N. C., 747, 125 S. E., 631.

In the case at bar the beneficiary who held the policy of defendant, repudiated the same and returned it to the insured. The insured kept the policy in his possession and gave no notice to the defendant but procured a new policy in the plaintiff company, and forwarded the same to the beneficiary who retained it until the time of the fire and made claim thereunder. Consequently, the trustee or beneficiary in the deed of trust cannot assert any right against the defendant by virtue of the repudiated policy. The insured can assert no right thereunder for the reason that he abandoned the policy and procured other insurance contrary to a valid clause therein contained. It follows, therefore, that the plaintiff cannot acquire by assignment or subrogation a right from a party who had no enforceable right. Indeed, the case of *Johnson v. Ins. Co., supra,* while not directly in point, is determinative of the controversy in principle.

Affirmed.