HERMAN M. HIATT AND WIFE, SUSIE W. HIATT; AND WORKMEN'S FEDERAL SAVINGS AND LOAN ASSOCIATION, INC. v. AMERICAN INSURANCE COMPANY.

(Filed 12 June, 1959.)

**1. Insurance § 79—**

Where insured procures other insurance without advising or obtaining the consent of the original insurer, insurer may avoid liability for breach of the provision of the policy prohibiting other insurance unless the amount thereof is inserted in the blanks provided, since breach of provision against additional insurance, both before and after the 1945 amendment (Chapter 378) to G.S. 58-176, does not merely limit the amount for which insurer should be liable, but is a breach of condition defeating recovery.

**2. Same**

Where decree of alimony without divorce awards the wife property theretofore held by them by the entireties, the procurement of additional insurance on the property by the wife is a violation of the provision of the original policy prohibiting such additional insurance, even though the original insurance was procured by the husband, since the test of double insurance is whether the owner will be directly benefited by recovery on both policies in case of loss.

**3. Insurance § 80—**

The fact that insurer's adjuster continues investigation of the loss after learning of the procurement of additional insurance cannot constitute a waiver of the condition of the policy prohibiting additional insurance when such further investigation may be related to insurer's liability to the mortgagee named in the loss payable clause and also to insurer's liability under its policy insuring personal property in the insured dwelling.

APPEAL by plaintiffs from *Sharp, Special Judge,* September Term 1958 of SURRY.

Plaintiffs, Herman M. Hiatt and wife, Susie W. Hiatt, owned their home, located in Surry County about five miles west of Pilot Mountain, North Carolina, as tenants by the entireties. They procured a $5,000 fire insurance policy in their joint names from defendant company, $4,000 on the house and $1,000 on its contents, and renewed said policy yearly, the last renewal being 3 November 1955. Plaintiff Loan Association was named in the mortgage clause as the recipient of any payment as its interest might appear under claim of loss.

Marital difficulties between the individual plaintiffs resulted in a law suit for alimony without divorce on the part of the plaintiff wife, the suit ending on 6 June 1956 by the entry of a consent judgment. Under the terms of this judgment the home of the plaintiffs referred

to above was to become the sole property of the plaintiff wife, and plaintiff husband agreed to convey the house and lot to his wife not later than 15 June 1956.

On the same day that this consent judgment was entered, 6 June 1956, plaintiff wife procured two additional policies of fire insurance, in her name alone, on the dwelling, with the United States Fidelity and Guaranty Company and with St. Paul Fire and Marine Insurance Company, each in the amount of $2,500.

On the night of that same day — 6 June 1956 — the house and its contents were destroyed by fire. The parties stipulated that the fair value of the dwelling at the time of the loss was $7,800. Proof of loss was duly made and filed with the defendant company but payment was refused on the ground that the "other insurance" provisions of the policy had been violated. Payment was also refused by the other two insurance companies, issuers of the last two policies of insurance. However, action instituted by the plaintiff Susie W. Hiatt resulted in judgment against each company in the amount of $1,750, the local agent for these two companies having been informed with respect to the defendant's policy and having promised to notify the defendant of the issuance of the additional insurance but not having done so.

Plaintiffs instituted this action on 31 May 1957 to recover $4,600 of the defendant on its policy (the face amount of the policy less the value of some personal property removed pursuant to a removal permit issued to plaintiff Herman M. Hiatt on 13 April 1956).

The cause came on for trial and the parties waived trial by jury and agreed that the court should hear the matter in controversy on the pleadings, exhibits, and the facts as stipulated.

Her Honor considered the pleadings, exhibits, stipulations of the parties and the arguments of counsel, made certain findings of fact and conclusions of law and entered judgment that plaintiff Loan Association recover $412.36 of the defendant and that the individual plaintiffs recover $100.00 of the defendants for loss of personal property.

Judgment was accordingly entered and the plaintiffs appeal, assigning error.

*Woltz, Woltz & Faw; G. Motsinger for plaintiffs.*

*McLendon, Brim, Holderness & Brooks; L. P. McLendon, Jr.; C. T. Leonard, Jr., for defendant.*

DENNY, J.  The appellants' first assignment of error is directed

to her Honor's conclusion of law, "that the securing of additional
insurance by one of the named insureds on the afternoon before the
fire, without any notice or knowledge on the part of the defendant,
constituted a breach of the 'total insurance' clause of the Dwelling
and Contents Form of the policy and voided the defendant's policy
coverage on the dwelling with the exception of the amount admittedly
due the mortgagee."

The present Standard Fire Insurance Policy of the State of North
Carolina, as amended by Chapter 378 of the Session Laws of 1945,
contains this provision: "Other insurance may be prohibited or the
amount of insurance may be limited by endorsement attached here-
to." The policy issued by the defendant has attached thereto an en-
dorsement reading as follows: "Other insurance is prohibited unless
the total amount of insurance, including the amount of this policy, is
inserted in the blanks provided on the first page of this policy under
the caption TOTAL INSURANCE. If no amounts are shown, the
total fire insurance is limited to the amount of this policy."

The policy, likewise, with respect to waiver, contains the follow-
ing: "No permission affecting this insurance shall exist, or waiver of
any provision be valid, unless granted herein or expressed in writing
added hereto. No provision, stipulation or forfeiture shall be held
to be waived by any requirement or proceeding on the part of this
Company relating to appraisal or to any examination provided for
herein."

There is no provision by endorsement or otherwise in the defend-
ant's policy authorizing any insurance on the dwelling described in
its policy other than the $4,000 authorized and limited therein.

Prior to 1945 the Standard Fire Insurance Policy contained this
provision: "Unless otherwise provided by agreement in writing added
hereto this company shall not be liable for loss or damage occurring,
* * * (a) while the insured shall have any other contract of insur-
ance, whether valid or not, on property covered in whole or in part
by this policy * * *."

Appellants contend that the 1945 amendment was intended by the
Legislature to make a violation of the any "other insurance" pro-
vision a limitation only and not a condition, the breach of which
would completely bar a recovery. As it was written prior to 1945,
there can be no doubt that a violation of the "other insurance" pro-
vision was a condition, the breach of which would completely bar
recovery. *Sugg v. Ins. Co.,* 98 N.C. 143, 3 S.E. 732; *Black v. Insurance
Co.,* 148 N.C 169, 61 S.E. 672, 21 L.R.A. (N.S.) 578; *Roper v. In-
surance Cos.,* 161 N.C. 151, 76 S.E. 869; *Johnson v. Insurance Co.,*

201 N.C. 362, 160 S.E. 454; *Insurance Co. v. Insurance Ass'n.*, 206 N.C. 95, 172 S.E. 875.

The "other insurance" provision of the Standard Fire Insurance Policy as amended in 1945, has not been interpreted heretofore by this Court. However, the Federal courts and the courts of other states have interpreted identical or similar provisions, and held, apparently unanimously, that the result of a violation of the present provision is the same as under the old provision. *Graham v. American Eagle Fire Ins. Co.* (C.A. 4th), 182 F. 2d 500; *Aetna Ins. Co. of Hartford, Conn. v. Jeremiah* (C.A. 10th), 187 F. 2d 95; *Bethune v. New York Underwriters Ins. Co.*, (D.C., E.D.S.C.), 98 F. Supp, 366; *Oates v. Continental Ins. Co.*, 137 W. Va. 501, 72 S.E. 2d 886; *Flowers v. American Ins. Co.*, 223 Miss. 732, 78 So. 2d 886; *Hunter v. United States Fidelity & Guaranty Co.* (Fla.), 86 So. 2d 421; *Watson v. Farmers Co-Operative Fire Insurance Co.*, 1 App. Div. 2d 419, 151 N.Y. Supp. 2d 321.

In *Graham v. American Eagle Fire Ins. Co., supra,* the endorsement with respect to "other insurance" was identical with that contained in the policy now under consideration on this appeal. From an adverse jury verdict in the District Court in South Carolina, the plaintiffs appealed to the Circuit Court of Appeals. The appellants argued for a reversal on the ground that the procurement of additional insurance by them should not defeat recovery, but only limit the amount which they might recover from defendants. *Judge Parker,* speaking for the Court, said: "There would be no question as to the effect of additional insurance under the provisions of the old New York Standard Fire Policy which expressly stipulated that the company should not be liable for loss or damage occurring while the insured had any other contract of insurance on the property covered unless consent in writing was indorsed on the policy. We think that the result is not different where the prohibition or limitation upon the taking of additional insurance is indorsed upon the policy in accordance with the provision of the new form. In the old form, additional insurance was prohibited or limited unless consent was indorsed; in the new form, the prohibition or limitation must be added to the policy by indorsement. In either case, however, the prohibition or limitation imposes, we think, a condition upon the company's liability under the policy.

" * * * A provision forbidding or limiting additional insurance is clearly intended not as prescribing something to be done by the insured but as expressing a condition upon which the company assumes liability; and the law is well settled that, upon the breach of such a condition, there can be no recovery upon the contract in which it is

contained. The principle upon which this conclusion rests is elementary in the general law of contracts. See A.L.I. Restatements of Contracts secs. 250 and 260, and illustration 1 under 260. Applied in the law of insurance, it clearly requires that a provision forbidding or limiting additional insurance be treated as a condition of the policy, breach of which will preclude recovery by the insured," citing numerous authorities.

It was further contended that since Graham and his wife owned the insured property as tenants in common, and since Graham procured the additional insurance, his wife's interest was not affected thereby. In respect to this contention, *Judge Parker* said: " * * * it is too well settled to admit of argument that a policy insuring the interests of tenants in common and providing against additional insurance is avoided if one of the tenants in common procures additional insurance, even though this covers only his interest in the property." (Citations omitted.)

It is stated in 45 C.J.S., Insurance, section 573 f. (3) (a), page 367, et seq.: "In order that the condition against additional insurance be broken, it must appear, not only that the same property is covered, but also that the same interest in such property is doubly insured. Consequently persons having distinct insurable interests in property may each have them insured without infringing the clause now under discussion. If a person has two insurable interests in property he may insure them both without forfeiture, but, where a policy covers separate interests in the property insured, a stipulation against other insurance is violated if any of the owners of such interests procures a subsequent policy which covers any part of the other insured interest. The test in determining whether either interest is doubly insured is whether the owner, in case of loss, can be directly benefited by recovering on both policies; if he can, there is double insurance."

In the test laid down above, there can be no doubt that there is "other insurance" in the case at bar, or that the plaintiff, Susie W. Hiatt, would be directly benefited if these individual plaintiffs were permitted to recover on the policy issued by the defendant.

In the case of *Oates v. Continental Ins. Co., Supra,* the language with respect to "other insurance" is identical with that in our Standard Fire Insurance Policy. The Court held that procurement of "other insurance" in violation of the provision with respect to "other insurance" avoided the first policy in its entirety. Quoting with approval from the case of *Heldreth v. Federal Land Bank of Baltimore,* 111 W.Va. 602, 163 S.E. 50, the Court said: "Such condition (with respect to other insurance) is deemed reasonable and proper because

the moral hazard should not be increased without the knowledge of the insurer. It is considered that not infrequently the motive for the preservation of property decreases as insurance mounts."

This assignment of error is overruled.

The appellants assign as error the conclusion of law, to wit: "The fact that the adjuster for the defendant made 'further investigation of the loss' after June 14, 1956 (this being the date on which the defendant was informed of the additional insurance), did not constitute a waiver by the defendant of the voiding of the dwelling coverage."

There is no evidence on this record to indicate that the defendant had abandoned its defense with respect to additional insurance. In fact, there was no additional insurance on the contents of the dwelling. Moreover, under the provisions contained in the mortgage clause, the defendant was admittedly liable to plaintiff Loan Association for the balance on its mortgage. The mortgage clause provided: "Loss, if any, * * * shall be payable to the mortgagee (or trustee) as provided herein, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property * * *."

Upon the facts revealed on this record, the conclusion of law which the appellants challenge must be upheld and the assignment of error overruled. See *Gouldin v. Insurance Co.*, 248 N.C. 161, 102 S.E. 2d 846; Appleman, Insurance Law and Procedure, Volume 16, sections 9361 and 9365; 29 Am. Jur., Insurance, section 873, page 669.

In section 9361 of Appleman, Insurance Law and Procedure, *supra,* it is said: "An insurance company does not waive any defense it may have under a policy by investigating a loss that has occurred thereunder. The mere sending of an adjuster to investigate would be no waiver, nor would a request for information have that effect, where the plaintiffs were repeatedly informed that the policy had been forfeited, or where liability for certain items is undisputed."

The court's conclusions of law and the judgment entered pursuant thereto will be upheld.

Affirmed.