ALLSTATE INSURANCE COMPANY v. INTEGON INDEMNITY
CORPORATION

No. 7428SC900

(Filed 5 February 1975)

1. **Insurance § 133— fire insurance — policy prohibiting other insurance —
coverage on dwelling precluded**

Where plaintiff and defendant both insured property against loss
by fire, plaintiff paid homeowners pursuant to the policy it had
issued, and plaintiff then sought to recover from defendant that por-
tion of the loss which the amount insured by defendant bore to the
total amount of insurance coverage, defendant's liability with regard
to the dwelling only was precluded by the existence of plaintiff's
policy since defendant's policy contained a provision prohibiting other
insurance and plaintiff's policy constituted other insurance within the
meaning of that provision.

2. **Insurance § 133— fire insurance — policy prohibiting other insurance —
contribution required for loss to contents and additional living ex-
penses**

Where plaintiff and defendant both insured a home against loss
by fire and defendant's policy prohibited other insurance covering
the dwelling, defendant was accountable to plaintiff for its pro rata
share of the loss to contents and for additional living expenses, since
plaintiff, in making full payment for all damages, did not act as a
mere volunteer.

APPEAL by defendant from *Martin, (Harry C.), Judge,* 7
January 1974 Session of Superior Court held in BUNCOMBE
County. Heard in the Court of Appeals on 17 January 1975.

Frank W. Coffey and his wife, Jeanne C. Coffey, were the
owners of a house in the City of Asheville. On 29 June 1971 the
house and its contents were damaged by fire to the extent of
$20,000.00. Plaintiff Allstate paid the Coffeys $20,000.00 pur-
suant to Allstate's insurance policy. Allstate alleges that defend-
ant Integon also insured the property against loss by fire.
Consequently, Allstate seeks to recover from Integon that por-
tion of the loss which the amount insured by Integon bears to
the total amount of insurance coverage—in this case, three-
sevenths of $20,000.00 or $8,571.42.

The matter was heard by the court without a jury. The trial
court made findings of fact which, for the sake of brevity, will
be summarized in part.

Wachovia Mortgage Company financed the purchase of the
Coffey home. On 28 January 1970 Integon issued its policy

insuring the Coffeys for a period of time beginning on 28 January 1970 and ending on 28 January 1973. This policy provided coverage of $15,000.00 for the dwelling, $7,500.00 for the contents, and $3,000.00 for additional living expenses.

In the Spring of 1971, a loan became available to the Coffeys through the North Carolina State Employees Credit Union (Credit Union). Mr. Coffey paid off the original loan of Wachovia, and Credit Union became the new mortgagee. While the Coffeys did not request that Integon's policy be endorsed to cover Credit Union, there is no evidence that the hazard insured against was at any time increased in any manner. On 27 May 1971 plaintiff Allstate issued its policy to the Coffeys with effective dates of 21 May 1971 through 21 May 1974. (Coverage under this policy actually began 27 May 1971 and expired 27 May 1974). Allstate's policy provided coverage of $20,000.00 for the dwelling, $10,000.00 for the contents, and $4,000.00 for additional living expenses.

Fire damaged the insured property on 29 June 1971 with a loss of $8,041.26 to the dwelling, $10,508.74 to the contents, and $1,450.00 for additional living expenses. After the loss by fire, Integon caused a check, dated 8 July 1971, to be made payable to the Coffeys for the sum of $35.00. This sum represented a refund of an unearned premium on the Integon policy calculated from 27 May 1971 when the Wachovia loan was paid in full. The check was received and negotiated by the Coffeys. There is no evidence indicating that plaintiff Allstate knew anything about the check. Following a denial of liability by Integon, Allstate, acting in good faith after a full investigation, paid a total of $20,000 to the Coffeys—$8,041.26 for damages to the dwelling, $10,508.74 for damages to the contents, and $1,450.00 for additional living expenses.

Both the plaintiff Allstate's policy and defendant Integon's policy contained the following provisions:

(1) "Pro Rata Liability. This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

(2)           "GENERAL CONDITIONS

\*   \*   \*

6. APPORTIONMENT — SECTION 1:

a. Loss by fire or other perils not provided for in 6b. below:

This Company shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than:

(1) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder; nor

(2) for a greater proportion of any loss than the amount hereby insured bears to all insurance, whether collectible or not, covering in any manner such loss or which would have covered such loss except for the existence of this insurance."

(3) "CONDITIONS APPLICABLE ONLY TO SECTION 1

\*   \*   \*

2. OTHER INSURANCE: Other insurance covering the described dwelling building (except insurance against perils not covered by this policy) is not permitted."

From a judgment by the trial court that plaintiff recover $8,571.42 defendant appealed.

*Van Winkle, Buck, Wall, Starnes, Hyde & Davis, by Roy Davis, Jr., for plaintiff appellee.*

*Morris, Golding, Blue, and Phillips, by William C. Morris, Jr., for defendant appellant.*

MARTIN, Judge.

Essentially, Allstate argues that it has conferred a benefit upon Integon by paying Integon's share of the loss, and it requests reimbursement on the grounds that Integon has been unjustly enriched thereby. To this end, Allstate invokes the equitable doctrine of subrogation.

Insurance Co. v. Indemnity Corp.

[1]   Integon argues that its liability was totally precluded due to breach of its policy provision that prohibited other insurance. In support thereof, Integon contends: (1) the Integon policy unambiguously prohibits other insurance; (2) Allstate's policy constitutes "other insurance" within this provision; (3) Integon has not waived the right to assert this provision; and (4) the trial court's findings of fact to the contrary are not supported by the evidence. In each of these contentions we concur. However, while Integon's liability was precluded by the existence of the Allstate policy, it was precluded only with regard to the dwelling. The Integon policy only prohibited other insurance covering the dwelling. Thus, Integon is accountable to Allstate for its pro rata share of the loss to contents and for additional living expenses.

Our decision requires us to reject Allstate's argument that the total loss should be distributed between the two insurers on a pro rata basis. Since both policies contain provisions prohibiting other insurance, Allstate argues that such provisions are mutually repugnant and should be ignored. Such an argument is not without a sound basis in reason. See *Lamb-Weston, Inc. v. Oregon Automobile Insurance Co.,* 219 Or. 110, 341 P. 2d 110, 76 A.L.R. 2d 485 (1959). However, in this matter we feel bound by the decision in *Sugg v. Ins. Co.,* 98 N.C. 143, 3 S.E. 732 (1887). There plaintiffs sued to recover on a policy containing the following clause:

> "Or if there shall be any other insurance, whether valid or otherwise, on the property insured, or any part thereof at the time this policy is issued, or at any time during its continuance, without the consent of this company written hereon, or if the risk be increased by any means within the control of the assured, this policy shall be void," etc.

In forgetfulness, and without intent to defraud defendant insurer, plaintiff Mittie Sugg took out additional policies of insurance on the same property, and each contained similar clauses as the one set forth above. The Court held that plaintiff's violation of defendant's provision prohibiting other insurance precluded defendant's liability.

In the present case, if the insured could not recover under Integon's policy for loss to the dwelling, then clearly Allstate cannot. If *Sugg* is good law then it follows that there is no right

in the insured against Integon for loss to the dwelling to which Allstate can be subrogated.

[2]    In holding Integon liable for a pro rata share of the loss to contents and for additional living expenses, we reject Integon's argument that Allstate acted as a mere volunteer in the payment of these items. "A payment made under compulsion is not voluntary; payment made under a moral obligation, or in ignorance of the real state of facts, or under an erroneous impression of one's legal duty, is not a voluntary payment." *Boney, Insurance Comr. v. Insurance Co.*, 213 N.C. 563, 197 S.E. 122 (1938). *See also* Dobbs, Law of Remedies, § 4.9, p. 305 (1973).

We hold that Integon is liable for a pro rata share of the loss to contents and for additional living expenses which in this case will amount to three-sevenths of $11,958.74, or $5,125.17.

This cause is remanded to the Superior Court of Buncombe County for the entry by it of a judgment in accordance with this opinion.

Reversed and remanded.

Judges VAUGHN and ARNOLD concur.